Michael G. STARNES, et al., Relators,

v.

The Honorable Ron CHAPMAN, Presiding Judge of the First Administrative Judicial Region, and the Honorable Tom Ryan, Senior Judge of the 199th Judicial District Court, Respondents.

No. 05-90-00675-CV.

Court of Appeals of Texas,
Dallas.

July 16, 1990.

involvement in any of the aforementioned proceedings. We conditionally grant the writs.

This matter is yet another chapter in the continuing saga of the controversies between the Browning interests and the Holloway interests.[1] On February 3, 1987, Judge Chapman, acting in his capacity as presiding judge of the First Administrative Judicial District of Texas, assigned the Honorable Tom Ryan, Senior Judge of the 199th Judicial District Court of Collin County, Texas, to the 162nd Judicial District Court of Dallas County, Texas. The assignment was to permit Judge Ryan to hear case No. 86–7704–I, styled *Pat S. Holloway, et al. v. Michael G. Starnes, et al.,* then pending in that court. The order provided that Judge Ryan was "to pass on motions for new trial and all other matters growing out of cases tried by the judge herein assigned...."

On April 13, 1988, Judge Ryan granted Holloway's twelfth motion for summary judgment and severed out all other claims and counterclaims, thereby making the summary judgment in cause No. 86–7704–I final. This summary judgment was appealed and reversed by this Court. *See Starnes,* 779 S.W.2d at 99. While the summary judgment appeal was pending, the severed actions were given cause numbers 89–6582–I and 89–10016–I. These two numbers encompass identical causes and represent the same severed part of cause No. 86–7704–I created by Judge Ryan's order of April 13, 1988. Subsequently, on August 25, 1989, Judge Chapman assigned the Honorable Robert C. Wright, Senior Judge of the 137th Judicial District Court, to hear cause No. 89–10016–I. On September 1, 1989, Judge Chapman also assigned Judge Wright to hear cause No. 89–6582–I. On September 8, 1989, one of the real parties in interest, Pat S. Holloway, filed objections to Judge Wright's assignment in each of those causes. On September 8, 1989, Starnes filed an objection to Judge Ryan taking any action in cause No. 89–6582–I.

R. Jack Ayres, Jr., Thomas V. Murto, III, Dallas, for relators Michael G. Starnes, et al.

Roy O. Minton, Charles R. Buron and Martha S. Dickie, Austin, Arch McCholl, S. Michael McColloch and Elizabeth Unger Carlyle, Dallas, for relator Pat S. Holloway.

Kerry W. Young, Dallas, for respondent Ron Chapman.

Before McCLUNG, BAKER, and WHITTINGTON, JJ.

## OPINION

BAKER, Justice.

Michael G. Starnes et al. seek a writ of mandamus to compel respondent, the Honorable Ron Chapman, Presiding Judge of the First Administrative Judicial Region, to set aside his orders overruling Starnes's objections to the assignment of the Honorable Tom Ryan in causes numbers 86–7704–I, 89–6582–I, and 89–10016–I and to assign a qualified judge other than Judge Tom Ryan to hear any proceedings in those causes. Starnes also seeks a writ of mandamus directing Judge Ryan to vacate any order he has signed in said causes subsequent to May 13, 1988, and directing Judge Ryan to remove himself from any further

---

1. *See Starnes v. Holloway,* 779 S.W.2d 86 (Tex. App.—Dallas 1989, writ denied).

On April 9, 1990, Judge Chapman assigned Judge Ryan to hear the severed matters in causes 89–6582–I and 89–10016–I. Starnes objected to these assignments on April 30, 1990. After the Texas Supreme Court denied writ of error in the appealed case, this Court, on May 1, 1990, issued its mandate reversing Judge Ryan's final judgment in cause No. 86–7704–I and remanding it to the 162nd District Court. On May 14, 1990, Starnes· also objected to Judge Ryan's assignment to hear cause No. 86–7704–I.

On May 15, 1990, Judge Chapman entered an order of assignment assigning Judge Ryan to hear all three of the causes and overruled Starnes's objections to these assignments. Starnes then objected to Judge Chapman's May 15, 1990 order. Thereafter, on May 31, 1990, Judge Chapman entered another order of assignment, again assigning Judge Ryan to hear cause numbers 89–6582–I and 89–10016–I. Starnes objected to this assignment order on June 5, 1990.

Starnes contends that when the appeal was perfected from Judge Ryan's judgment in cause No. 86–7704–I, Judge Ryan lost plenary power over that cause, and his assignment ended. Starnes argues that upon remand Judge Ryan had to be reassigned and that objections to his reassignment could be made pursuant to section 74.053(b). *See* TEX.GOV'T.CODE ANN. § 74.053(b) (Vernon 1988). Starnes contends that when Judge Ryan severed out the other causes of action from cause No. 86–7704–I, his authority over the severed causes ceased.

Judge Chapman and Holloway argue that when Judge Ryan was originally assigned to the case on February 3, 1987, that assignment was for an indefinite period, and, therefore, Judge Ryan remains the assigned judge on the appealed cause of action and also upon the severed causes of action. Judge Chapman bases his argument on the assertion that it was his intention, when he made the original assignment, *that* Judge Ryan's appointment would continue through and including any intervening orders, judgments, appeals,

and subsequent proceedings. Holloway similarly argues that when the judgment in cause No. 86–7704–I was reversed and remanded for a new trial, the judgment was nullified, leaving it as if it had never been rendered, with the case standing on the trial court's docket as if it had never been tried. *See Flowers v. Flowers,* 589 S.W.2d 746, 748 (Tex.Civ.App.—Dallas 1979, no writ); *Dallas Joint Stock Land Bank v. Colbert,* 127 S.W.2d 1004, 1007 (Tex.Civ. App.—Eastland 1939), *rev'd on other grounds,* 136 Tex. 268, 150 S.W.2d 771 (1941). We disagree.

■ Judge Chapman's original assignment of Judge Ryan to cause No. 86–7704–I was to continue for a period of time as may be necessary for Judge Ryan to complete trial of the case and to pass on motions for new trial and all other matters growing out of the case. When the time periods for filing and ruling on motions for new trial on the April 13, 1988 judgment expired and the appeal was perfected in this Court, not only did Judge Ryan's plenary power over the cause expire but also his assignment. *See* TEX.R.CIV.P. 329(b); *First City Bank v. Salinas,* 754 S.W.2d 497, 498 (Tex.App.—Corpus Christi 1988, orig. proceeding). It is true that when a judgment is reversed, the legal effect is to render the judgment nonexistent. *See King v. Cash,* 174 S.W.2d 503, 504 (Tex. Civ.App.—Eastland 1943, no writ). However, we conclude that when this case was remanded for further proceedings, Judge Ryan was without authority to proceed further unless reassigned. *See Roberts v. Ernst,* 668 S.W.2d 843, 846 (Tex.App.— Houston [1st Dist.] 1984, orig. proceeding).

■ With regard to the severed causes, at oral argument, Holloway contended that the effect of this Court's reversal of the summary judgment was not only to set aside Judge Ryan's judgment in favor of Holloway on the twelfth motion for summary judgment but also to set aside the severance order. From this premise, Holloway draws the conclusion that Judge Ryan's original assignment then again applies to the severed causes of action. We disagree. This Court's opinion in the ap-

peal of the twelfth motion for summary judgment clearly holds that all claims of the parties other than Holloway's twelfth motion for summary judgment were severed into a separate suit and were pending in the trial court as separate actions and that all that was before our Court for consideration was whether Judge Ryan erred in granting Holloway's twelfth motion for summary judgment. *See Starnes,* 779 S.W.2d at 99. The severed causes of action stood as independent actions capable of being tried and reduced to a final judgment. These severed causes of action were separate and independent actions. Our reversal of the judgment on the Holloway twelfth motion for summary judgment did not have the effect of setting aside Judge Ryan's order of severance because neither that order nor its implications were before this Court. Our action in the Starnes appeal, therefore, was not action in the severed causes. *See Philbrook v. Berry,* 683 S.W.2d 378, 379 (Tex.1985). We hold that our reversal of the judgment in the *Starnes* appeal did not reinvest Judge Ryan with authority over the severed causes of action by virtue of his original assignment in cause No. 86–7704–I.

Further, it is clear that even if Judge Chapman's assignment of Judge Ryan to try cause No. 86–7704–I extended to the severed causes of action, the intervening assignment of Senior Judge Robert C. Wright to those cases superseded his assignment to Judge Ryan and terminated Judge Ryan's authority. *See Roberts,* 668 S.W.2d at 846. Holloway timely objected to Judge Wright's assignment to the severed cases, and Judge Chapman correctly recognized the necessity of assigning another judge when he reassigned Judge Ryan on April 9, 1990.

██ Once a party files a timely objection to the assignment of a judge under section 74.053 of the Texas Government Code, the disqualification of an assigned judge is mandatory. *See* TEX.GOV'T.CODE ANN. § 74.053(b) (Vernon 1988); *Money v.*

*Jones,* 766 S.W.2d 307, 308 (Tex.App.—Dallas 1989, writ denied); *Curtis v. State,* 762 S.W.2d 958, 959 (Tex.App.—Dallas 1988, no writ). The objection is timely if filed before the first hearing or trial, including pretrial hearings, over which the assigned judge is to preside. TEX.GOV'T.CODE ANN. § 74.053(c) (Vernon 1988); *Curtis,* 762 S.W.2d at 958.

In each case involved in this proceeding, Starnes's objections were timely filed, and Judge Chapman had no discretion other than to sustain the objection pursuant to the statute. We hold that Judge Chapman abused his discretion in failing to do so. Judge Chapman is directed to vacate all orders purporting to overrule Starnes's objections to Judge Ryan's assignment in causes numbered 86–7704–I, 89–6582–I, and 89–10016–I. We further order Judge Chapman to forthwith assign a qualified judge other than Judge Tom Ryan to hear and try the proceedings in said causes. We also hold that any order entered by Judge Ryan following the loss of plenary power in cause No. 86–7704–I or any orders entered by Judge Ryan in causes numbered 89–6582–I and 89–10016–I are a nullity since he was without authority to act. *See Curtis,* 762 S.W.2d at 960. We order Judge Ryan to vacate any order he entered after May 13, 1988, in cause numbers 86–7704–I, 89–6582–I, and 89–10016–I. We also order Judge Ryan to enter orders disqualifying himself from further proceedings in cause numbers 86–7704–I, 89–6582–I, and 89–10016–I.

We expect that both Judges Chapman and Ryan will vacate and set aside any orders in compliance with our ruling in this proceeding and that mandamus will issue only if either or both refuse to comply.