NCF, INC., Relator,

v.

The Honorable Fred S. HARLESS, Judge Presiding, 44th Judicial District Court, Dallas County, Texas, Respondent.

No. 05–92–02518–CV.

Court of Appeals of Texas, Dallas.

Dec. 16, 1992.

Bruce E. Longenecker, Dallas, for relator.

Michael J. Collins, Dallas, for respondent.

Before BAKER, KINKEADE and BURNETT, JJ.

## OPINION

BAKER, Justice.

Relator NCF, Inc. seeks writ of mandamus directing respondent the Honorable Fred Harless to vacate a judgment of contempt against NCF. NCF argues that section 74.053 of the Texas Government Code disqualifies Judge Harless. We agree. We conditionally grant the writ.

## THE BACKGROUND FACTS

Real-party-in-interest Coopers & Lybrand sued NCF and other defendants. On the parties' agreed motion, the trial court referred the controversy for trial before Judge Harless, sitting as a special judge under chapter 151 of the Texas Civil Practice and Remedies Code. Judge Harless rendered judgment for Coopers & Lybrand. The parties filed various post-judgment motions. On February 19, 1992, the trial court signed an agreed supplemental order appointing Judge Harless to hear and determine necessary post-judgment matters.

Coopers & Lybrand moved for a turnover order that Judge Harless granted on September 11, 1992. NCF moved to set aside the turnover order. Coopers & Lybrand moved to enforce it by contempt. Concluding that Judge Harless should determine these motions, the trial court requested the regional presiding judge to appoint Judge Harless to hear these post-judgment proceedings. The presiding judge assigned Judge Harless under section 74.056 of the Texas Government Code.

NCF objected to Judge Harless's presiding. Judge Harless heard NCF's objections and the other motions. On October 26, 1992, Judge Harless entered an order enforcing the turnover order by contempt.

NCF sought mandamus relief from this Court.

## THE APPLICABLE LAW

### A. Chapter 151 of the Civil Practice & Remedies Code

Chapter 151 of the Texas Civil Practice and Remedies Code allows the trial court, on agreement of the parties, to refer a case for trial by a special judge. TEX.CIV.PRAC. & REM.CODE ANN. § 151.001 (Vernon Supp. 1992). A special judge is a retired or former judge who meets certain qualifications. TEX.CIV.PRAC. & REM.CODE ANN. § 151.003 (Vernon Supp.1992). The parties must file a motion that: (1) requests the referral; (2) waives the party's right to trial by jury; (3) states the issues to be referred; (4) states the time and place agreed on by the parties for the trial; and (5) states the name of the special judge, the fact that he has agreed to hear the case, and the amount of his fee. TEX.CIV.PRAC. & REM.CODE ANN. § 151.002 (Vernon Supp.1992). The trial court's order of referral must specify the issue referred and the name of the special judge. TEX.CIV.PRAC. & REM.CODE ANN. § 151.004 (Vernon Supp.1992).

A special judge under Chapter 151 "has the powers of a district court judge except that he may not hold a person in contempt of court unless the person is a witness before him." TEX.CIV.PRAC. & REM.CODE ANN. § 151.006(b) (Vernon Supp.1992). The special judge shall conduct the trial in the same manner as a court trying an issue without a jury. The special judge's verdict stands as a verdict of the district court. TEX.CIV.PRAC. & REM.CODE ANN. §§ 151.006(a) & .011 (Vernon Supp.1992). If the special judge does not submit his verdict within sixty days of the date that trial adjourns, the trial court may grant a new trial upon a party's motion. TEX.CIV.PRAC. & REM.CODE ANN. §§ 151.011 & .012 (Vernon Supp.1992).

### B. Chapter 74 of the Texas Government Code

In addition to Chapter 151 of the Civil Practice and Remedies Code, sections of the Texas Government Code authorize a judge other than the regularly elected or appointed judge to preside over a case in a district court. Chapter 74 of the Texas Government Code authorizes the presiding judge of each administrative judicial region to assign judges to dispose of the accumulated business of the courts in that region. TEX.GOV'T CODE ANN. §§ 74.005, .042, .052(a), and .056(a) (Vernon 1988). Judges subject to assignment include retired and former judges who meet specified qualifications. TEX.GOV'T CODE ANN. § 74.054(a) (Vernon Supp.1992).

Section 74.053 allows a party to object to a judge assigned under Chapter 74. It provides:

(a) When a judge is assigned under this chapter the presiding judge shall, if it is reasonable and practicable and if time permits, give notice of the assignment to each attorney representing a party to the case that is to be heard in whole or part by the assigned judge.

(b) If a party to a civil case files a timely objection to the assignment, the judge shall not hear the case. Except as provided by Subsection (d), each party to the case is only entitled to one objection under this section for that case.

(c) An objection under this section must be filed before the first hearing or trial, including pretrial hearings, over which the assigned judge is to preside.

(d) A former judge or justice who is not a retired judge may not sit in a case if either party objects to the judge or justice.

TEX.GOV'T CODE ANN. § 74.053 (Vernon Supp.1992).[1] Once a party makes a timely objection under section 74.053, disqualification of the assigned judge is automatic, and any subsequent orders that he issues are nullities. *Lewis v. Leftwich*, 775 S.W.2d 848, 851 (Tex.App.—Dallas 1989, orig. proceeding).

## THE PARTIES' CONTENTIONS

### A. NCF

NCF contends that the trial court's February 19 order merely extended Judge Har-

---

1. Although subsection (d) apparently imposes no timeliness requirement on an objection, NCF does not argue that subsection (d) is applicable to this case.

less's appointment under chapter 151. Therefore, according to NCF, Judge Harless's contempt powers remained limited until the October 9 appointment under section 74.056. Before Judge Harless presided over any hearings under the October 9 appointment, NCF objected to his assignment. NCF asserts that under section 74.053 and the cases construing it, Judge Harless's disqualification was mandatory. Under NCF's analysis, Judge Harless was without authority to render the October 26 contempt order, and it is void.

### B. Coopers & Lybrand

Coopers & Lybrand asserts that the February 19 supplemental order of referral represented a valid agreed order in compliance with Rule 11 of the Texas Rules of Civil Procedure. It contends that the parties' consent represented an independent source of judicial power supporting the trial court's February 19 appointment of Judge Harless. Under Coopers & Lybrand's analysis, the February 19 order gave Judge Harless authority to render the October 26 contempt order. Under this analysis, the October 9 appointment under section 74.056 was unnecessary. Consequently, Coopers & Lybrand argues that NCF's objection under section 74.053 was ineffective.

Coopers & Lybrand relies primarily on *Abramson v. Abramson*, 788 S.W.2d 860 (Tex.App.—Houston [14th Dist.] 1990, writ denied), to support its argument that the parties' consent represents an independent source of authority for Judge Harless's presiding over the contempt proceeding. In that case, the parties agreed to refer the case to a master. On appeal, one of the parties assailed the master's appointment, contending that no existing statute or rule authorized the appointment. *Abramson*, 788 S.W.2d at 861–62. The court of appeals rejected this argument.

The *Abramson* court identified three basic sources of judicial power: the constitution, statutes, and litigant consent. A court acting on either of the first two sources of judicial power does not need the consent of the litigants. *Abramson*, 788

S.W.2d at 862–63. The court described the third source of judicial power as follows:

Finally, a court may act pursuant to consent of the litigants. Here the judge exercises whatever decisional authority the parties confer, such power exists in addition to that supplied by article V, and as modified by statute. Thus, attorneys could make a rule 11 agreement permitting the judge to take actions that would not be sustainable on the basis of inherent or statutorily granted powers. If a challenge to this kind of an exercise is to succeed, it can only be because the exercise was in *violation* of a statute or *altogether beyond* the limits of the judicial power. The clearest example of such a case would be an attempt to confer subject matter jurisdiction by agreement.

*Abramson*, 788 S.W.2d at 863. The *Abramson* court concluded that the case before it represented a valid exercise of this third category of judicial power, and it upheld the appointment on that basis. *Abramson*, 788 S.W.2d at 863.

### APPLICATION OF LAW TO THE FACTS

#### A. Judge Harless's Authority to Issue the October 26 Order

■ The trial court based its initial appointment of Judge Harless on chapter 151 of the Texas Civil Practice & Remedies Code. By virtue of this appointment, Judge Harless had the powers of a district judge with one limitation: The code limits Judge Harless's contempt powers to witnesses before him. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 151.006(b) (Vernon Supp. 1992).

The February 19 supplemental order appointed Judge Harless as a "special judge." However, it did not expressly state that the appointment was by authority of chapter 151.

Although the February 19 supplemental order did not expressly appoint Judge Harless by authority of chapter 151, we conclude that we can construe it only as extending Judge Harless's appointment under that chapter. Thus, the February 19 sup-

plemental order conferred on Judge Harless only limited contempt powers. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 151.006(b) (Vernon Supp.1992). Judge Harless's October 26 order is contrary to the statutory limits chapter 151 imposes. The *Abramson* court recognized that the parties could not confer on an agreed adjudicator the authority to exercise power in violation of a statute. We cannot sustain the October 26 order under *Abramson.* We reject Coopers & Lybrand's assertion that the February 19 supplemental order gave Judge Harless authority to render the October 26 contempt judgment.

## B. NCF's Objection

■ The February 19 order vested in Judge Harless only the limited contempt authority of chapter 151. Judge Harless's contempt powers remained limited until his appointment under section 74.056. Before Judge Harless presided over any hearings under this appointment, NCF objected to his assignment. Under section 74.053, a timely objection results in the automatic disqualification of a judge assigned under chapter 74. *Lewis,* 775 S.W.2d at 851. Despite this mandatory rule, Coopers & Lybrand contends that NCF's objection was ineffective. It argues that NCF waived its right to object by its earlier consent to Judge Harless's appointment.

In *Starnes v. Chapman,* 793 S.W.2d 104, 107 (Tex.App.—Dallas 1990, orig. proceeding), this Court faced a somewhat similar situation. In *Starnes,* Visiting Judge Ryan presided over a case under an earlier assignment. We reversed his initial summary judgment on appeal. The presiding judge again assigned Judge Ryan to preside over the case on remand. Starnes objected to his assignment before Judge Ryan presided over any hearings in the remanded case. We concluded that Judge Ryan's initial assignment ended when his plenary power over the summary judgment expired.

We reasoned that a second assignment was necessary to authorize Judge Ryan to hear the remanded case and that a party could object to his reassignment under sec-

tion 74.053. We considered Starnes' objection timely despite the fact that Judge Ryan had presided under an earlier assignment. *Starnes,* 793 S.W.2d at 106–07. Under our analysis in *Starnes,* NCF's objection was timely and Judge Harless's disqualification was mandatory. *Starnes,* 793 S.W.2d at 106–07. NCF did not waive its right to object because it agreed to Judge Harless's prior appointment.

## C. Mandamus as a Remedy

■ Ordinarily, mandamus will not lie when there is an adequate remedy by appeal. *Lewis,* 775 S.W.2d at 851. We recognize an exception to this general rule. This exception is when the trial court's action is void as a matter of law. *Lewis,* 775 S.W.2d at 851. We have granted mandamus relief without regard to whether an adequate appellate remedy exists in cases involving an order issued by a judge disqualified under section 74.053. *Lewis,* 775 S.W.2d at 851.

## CONCLUSION

Judge Harless's disqualification was mandatory. His October 26, 1992 order is void. We conclude mandamus is a proper remedy in this case.

We conditionally grant NCF's petition for writ of mandamus.

## ORDER

We conditionally GRANT relator NCF, Inc.'s petition for writ of mandamus as follows:

(1) respondent the Honorable Fred S. Harless, Judge Presiding, 44th Judicial District Court of Dallas County, Texas shall enter an order vacating his order of October 26, 1992, in trial court cause number 88–07280–B, styled *Coopers & Lybrand v. S & H Marketing, DMI, NCF, Inc., RMI and Melinda, Inc.;*

(2) respondent shall casue to be filed forthwith, with the Clerk of this Court, a certified copy of the order as directed herein.

If respondent does not comply with the terms of this order forthwith, the writ shall issue.

We DENY all relief requested in relator's petition for writ of mandamus that is not expressly granted herein.

We DISSOLVE the stay imposed by this Court's order of October 28, 1992.