Diana **FLORES**, Appellant,

v.

William **VELASCO, II**, Appellee.

No. 05–98–01928–CV.

Court of Appeals of Texas, Dallas.

June 1, 2001.

See also 932 S.W.2d 500.

Robert R. Wightman-Cervantes, Law Offices of Robert R. Wightman, Dallas, for Appellant.

Joseph R. Corteguera, Miller, Criaco, & Kelly, P.C., Houston, for Appellee.

Before Justices JAMES, BRIDGES, and MALONEY[1].

## OPINION AND ORDER

FRANCES MALONEY, Justice (Assigned).

This appeal evolved from an election contest between William Velasco II and Diana Flores. In 1996, Velasco and Flores sought the Dallas County Community College District 6 Trustee Representative position. The parties settled their differences. Velasco then sought to have the trial court enforce the settlement agreement. The trial court granted judgment for Velasco. Flores appeals, bringing seven issues. In her first issue, she contends the trial court improperly overruled her objection to a former judge. Because we agree the trial court should have granted her motion, we need not address her other issues. We reverse and remand.

## BACKGROUND

Flores previously brought an original proceeding in the Texas Supreme Court in this same matter. *Flores v. Banner,* 932 S.W.2d 500 (Tex.1996) (orig.proceeding). That opinion reports the evolution of the dispute between Flores and Velasco. *Id.* at 501. There, the administrative judge had assigned a former judge to hear Flores's motion to recuse the visiting judge assigned to hear the election contest. Flores objected to the former judge assigned to hear the recusal under section 74.053 of the Texas Government Code. The former judge overruled Flores's objection

to recuse himself and denied her motion to recuse the assigned judge. The *Flores* court held that the former judge's recusal was automatic, and his disregard of section 74.053 voided his rulings.

The visiting judge assigned to hear this election contest was the elected judge of the Sixth Judicial District Court. In that capacity, the visiting judge made rulings in this case, such as denying in part and granting in part Flores's special exceptions on September 11, 1996. On September 13, 1996, Flores and Velasco signed a compromise settlement agreement resolving "each and every claim and cross-claim." The settlement agreement was filed with the Dallas County District Clerk on September 16, 1996. Velasco later sought to enforce the settlement agreement.

On January 1, 1997, before the election contest was resolved, the visiting judge became a former judge and was reassigned to hear the election contest.[2] On January 27, 1997, Flores raised a section 74.053 objection to this visiting judge. As the visiting judge, now himself a former judge, assigned to hear the election contest, he overruled Flores's objection. He continued to make rulings in the case until October 27, 1998 when he found the settlement agreement enforceable and signed the judgment for Velasco.

### 1. Applicable Law

■ The Texas Government Code provides that judges "may be assigned in the manner provided by this chapter to hold court when necessary to dispose of accumulated business in the region." Tex. Gov't Code Ann. § 74.052 (Vernon 1998); *Discovery Operating, Inc. v. Baskin,* 855

---

1. The Honorable Frances Maloney, Retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

2. For clarity, we continue to refer to the complained-of judge as "the visiting judge." Appellant's brief asserts, and appellee does not contest, the visiting judge was "reappointed" to hear this cause.

S.W.2d 884, 887 (Tex.App.—El Paso 1993, orig. proceeding). However, "[a] former judge or justice who was not a retired judge may not sit in a case if either party objects to the judge or justice." TEX. GOV'T CODE ANN. § 74.053(d) (Vernon 1998). A party must file her objection before the assigned judge conducts the first hearing. *Id.; Flores*, 932 S.W.2d at 501; *Baskin*, 855 S.W.2d at 887; *Starnes v. Chapman*, 793 S.W.2d 104, 107 (Tex.App.—Dallas 1990, orig. proceeding); *Lewis v. Leftwich*, 775 S.W.2d 848, 850–51 (Tex.App.—Dallas 1989, orig. proceeding) (objecting before an assigned judge takes the bench to preside over first hearing is timely as a matter of law). A timely objection mandates a former judge's disqualification. *See* TEX. GOV'T CODE ANN. § 74.053(d) (Vernon 1998); *Flores*, 932 S.W.2d at 501; *Starnes*, 793 S.W.2d at 107. If the assigned judge overrules a timely section 74.053 objection, that judge's subsequent orders are void. *Flores*, 932 S.W.2d at 501; *Starnes*, 793 S.W.2d at 107.

### 2. Application of Law to Fact

The unique question presented by this case is whether a judge's previous status as a sitting judge assigned to this case precludes a section 74.053 objection. We addressed a similar issue in *Starnes*, in which a visiting judge was assigned to a case and ruled on a summary judgment motion. *Id.* at 105. We reversed the summary judgment and remanded the case. *Id.* at 105–06. The case was reassigned to the same visiting judge. *Id.* Following the reassignment, one of the parties objected to the visiting judge's assignment. *Id.* We held the objection was timely although the visiting judge had presided over the case under an earlier assignment. *Id.* at 107. We reasoned the second assignment was necessary to authorize the visiting judge to hear the remanded case. *Id.* Therefore,

the visiting judge's disqualification was mandatory. *Id.*

In *NCF, Inc. v. Harless*, 846 S.W.2d 79 (Tex.App.—Dallas 1992, orig. proceeding), we addressed a similar issue. There, the controversy was submitted to a special judge under the alternate methods of dispute resolution in chapter 151 of the Texas Civil Practice and Remedies Code. *Id.* at 80. Later, the same judge was assigned to the proceeding under chapter 74 of the Texas Government Code. *Id.* NFC timely objected to the appointment under the government code. *Id.* at 83. Although the special judge had previously presided over the matter under the civil practice and remedies code, we held NFC's objection to his appointment under the government code required mandatory disqualification. *Id.*

Here, the visiting judge was a sitting judge when first assigned to this case. He became a former judge before the conclusion of the case. Although these facts differ slightly from *Starnes* and *NCF*, we believe this case is controlled by the same principles. But for the visiting judge's reassignment when he became a former judge, he had no authority to preside over this case. *See In re Barrera*, 9 S.W.3d 386, 389 (Tex.App.—San Antonio 1999, orig. proceeding) (holding the "body of case law seems to suggest that once a judge's authority under one assignment has expired a new assignment is necessary in order for the judge to continue to act in a particular case."). Flores's timely objection mandated his disqualification. *See Flores*, 932 S.W.2d at 501; *NCF, Inc.*, 846 S.W.2d at 83; *Starnes*, 793 S.W.2d at 107. Accordingly, the visiting judge abused his discretion in not sustaining Flores's objection. *See Starnes*, 793 S.W.2d at 107. All orders entered by the visiting judge following Flores's timely objection on January 27, 1997 are void. *See id.* Because we

resolve Flores's first issue in her favor, we need not address her remaining issues. *See* TEX.R.APP. P. 47.

We vacate any orders entered by the visiting judge in this cause on or after January 27, 1997. We direct the Presiding Judge of the First Administrative Judicial Region to assign a qualified judge, other than this visiting judge, to hear and try the proceedings in this cause.

We remand this case for further proceedings consistent with this opinion.