**In re Barbara GOSS.**

No. 06–05–00033–CV.

Court of Appeals of Texas, Texarkana.

Submitted March 17, 2005.

Decided March 25, 2005.

P. Michael Jung, Strasburger & Price, LLP, Dallas, George A. Boll, Jeff R. Ward, Juneau, Boll & Ward, PLLC, Addison, for relator.

Deborah J. Race, Ireland, Carroll & Kelley, PC, Charles H. Clark, Clark, Lea, Ainsworth & Porter, Tyler, for real party in interest.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

Barbara Goss, the plaintiff below, has filed a petition for writ of mandamus asking us to order the trial court to vacate its order granting Brookshire Grocery Company's motion for new trial. She contends the grant is not valid because the trial court had lost plenary power before it granted the motion.

■ The underlying lawsuit is a tort action by Goss against Brookshire in which the jury awarded substantial damages in her favor. Following the jury's verdict, but before judgment, Brookshire filed a combined motion for judgment notwithstanding the verdict, and in the alternative, motion for new trial. A hearing was held on Brookshire's motions, after which the trial court rendered judgment on the jury's verdict. Brookshire's motions were denied by written order signed the next day.[1] Brookshire later filed a much more extensive motion for new trial, which the trial court ultimately granted. The question is whether, when that order was finally issued, the trial court still had the plenary authority to do so. We conclude that it did not.

■ Mandamus is appropriate relief when a trial court issues an order after its plenary power has expired, because such an order is void. *In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex.2000).

The following timetable shows the relevant filings, hearings, and rulings:

| | |
|---|---|
| Brookshire files motion for judgment notwithstanding the verdict and alternative motion for new trial: | 12/03/2004 |

---

1. Even though Brookshire's motions predated the judgment, under TEX.R. CIV. P. 306c, they became effective on the date of the judgment.

Hearing on motions and judgment signed     12/09/2004
Order overruling motions signed:     12/10/2004
Brookshire files second motion for new trial:     01/07/2005
Hearing on second motion for new trial:     01/25/2005
Order granting second motion for new trial signed:     02/01/2005

The relevant plenary power provisions of Tex.R. Civ. P. 329b are as follows: (1) if no motion for new trial is filed, the court has plenary power for thirty days after the judgment is signed; (2) if a motion for new trial is filed and there is no formal ruling, it is overruled as a matter of law seventy-five days after the judgment is signed; (3) if a motion for new trial is filed, the court has plenary power over its judgment until "thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first." Under these provisions, a trial court retains plenary power for thirty days after it rules, or for seventy-five days (when overruled as a matter of law), plus thirty more. The motion in this case, partially titled "In the Alternative Motion for New Trial" was overruled December 10, 2004. Goss contends the trial court lost plenary power January 10, 2005; thus, the court was clearly without authority when it granted Brookshire's second motion February 1, 2005. Brookshire responds with two alternative arguments.

Brookshire contends the initial motion entitled "Motion for Judgment Notwithstanding the Verdict and in the Alternative Motion for New Trial" was not considered as such by the trial court. Brookshire posits that the trial court understood that motion to be only a motion for judgment notwithstanding the verdict and that Brookshire would later file a more complete motion for new trial. Language suggesting that is what Brookshire contemplated can be found in the motion itself:

In the event the court declines the relief requested in this motion and enters a judgment, Brookshires intends to file a more comprehensive motion for new trial raising all insufficiency and other complaints not addressed herein.

Comments made at the hearing by the trial court also support Brookshire's argument:

realistically what's before the Court right now is whether or not the Court should enter a judgment on the, on the verdict or a judgment notwithstanding the verdict.

Therefore, Brookshire argues, because the first motion was purely a motion for judgment notwithstanding the verdict (and not a motion for new trial), the rules permitted it to file its complete motion for new trial within the initial thirty-day time period. If correct, then the standard seventy-five-day time period applied as started by the filing of that complete (second) motion filed within thirty days of the signing of the judgment. Under this argument, a timely motion was filed within thirty days, and because there was still an outstanding and unruled-on motion pending, the court had the full seventy-five days from judgment to rule. Thus, under this view, the order granting a new trial was valid.

The language of the trial court's order, however, belies Brookshire's argument:

On December 9, 2004, came on to be heard Defendant Brookshire Grocery Company's Motion for Judgment Notwithstanding the Verdict and In the Alternative Motion for New Trial and Plaintiff's Response to same. Having considered the pleadings and the evidence presented, and having heard and considered the arguments of counsel, the

Court finds that said Motions are DE-NIED.

Although the hearing on the first motion was mostly directed at a discussion of the motion for judgment notwithstanding the verdict, it was not exclusively so. This was partly because of an overlap in the requested relief and the reasons for that relief. The result is, we cannot say conclusively that the court ruled solely on the motion for judgment notwithstanding the verdict and that it did not consider the motion for new trial. Even if the court did at one time have that intention, the judgment itself clearly and unambiguously disposes of both motions, and to make such a decision was clearly within the authority of the court.

Brookshire also argues that, at the hearing on the first motion, the trial court impliedly granted it permission to file an amended motion for new trial. This argument is supported by the transcription of the hearing where the trial court was informed of, and was expecting, a much more extensive motion for new trial to be filed. In the context of a discussion of whether there was any evidence to support the jury's verdict, the court made these comments:

> when [the judgment is] entered, I will look more carefully at the other points that you have given me a heads up on at least.
>
> . . . .
>
> I will go ahead then and ... enter the judgment so you can get a copy of that and go ahead and proceed on then with the, with the motion for new trial.

Arguably, the trial court did at least impliedly grant permission to file an amended motion. Assuming that such permission can be granted by implication under these facts, the remaining question is whether it would serve to extend the plenary authority of the trial court. The Texas Supreme Court has held that it does not.

In order for Brookshire to prevail, it must distinguish *In re Dickason*, 987 S.W.2d 570 (Tex.1998). In that case, the Texas Supreme Court stated that, once the trial court overrules a motion for new trial, the court retains plenary power for another thirty days, and that "[f]iling an amended motion for new trial does not extend the court's plenary power." *Id.* at 571; *see also In re T.G.*, 68 S.W.3d 171, 176 (Tex. App.-Houston [1st Dist.] 2002, orig. proceeding).

Brookshire argues that its position is nonetheless controlled by Rule 329b(e), which provides that, if a timely motion for new trial is filed (and this one was filed within thirty days of judgment), then the court retains plenary power until thirty days after the timely-filed motion is overruled, either by written order or as a matter of law—whichever comes first.[2]

Brookshire argues that *Dickason* is distinguishable because it does not show that the second motion for new trial was either timely filed or filed with the permission of the court. Under its analysis, the critical distinction is whether the motion was timely filed with permission of the court—and if it was, then Rule 329b(e) leaves plenary power with the trial court until thirty days after that motion is overruled.

That argument is not persuasive. In *Dickason*, the court would have analyzed

---

**2.** We note cases cited by Goss to the effect that an amended motion can only be filed within the thirty-day time frame if a preceding motion has not yet been ruled on. *Milam v. Nat'l Ins. Crime Bureau*, 989 S.W.2d 126, 129 n. 1 (Tex.App.-San Antonio 1999, no pet.); *Wirtz v. Mass. Mut. Life Ins. Co.*, 898 S.W.2d 414, 419 n. 2 (Tex.App.-Amarillo 1995, no writ).

the matter substantially differently had it been of the opinion that no timely motion was filed. The opinion is predicated on the assumption that a proper amended motion was before the court—and yet concludes that the plenary time periods are exclusively based on the original motion— not on the amended motion.

We conclude the trial court acted outside the period of its plenary authority over its judgment in granting the motion for new trial. We therefore conditionally grant the writ of mandamus, and direct the trial court to vacate its February 1, 2005, order granting Brookshire a new trial.

The writ will issue only if the trial court fails to comply.