**Opinion filed October 31, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00300-CV

_____

## IN RE WAYNE DEX HONEA

**Original Mandamus Proceeding**

**O P I N I O N**

This mandamus proceeding arises from an objection to an assigned senior judge filed under TEX. GOV'T CODE ANN. § 74.053(b) (West 2013). Relator, Wayne Dex Honea, seeks mandamus relief requiring the assigned judge, Honorable David Cleveland, Senior District Judge of the 29th District Court, to withdraw from presiding over Relator's recently filed petition to modify the parent-child relationship. He additionally seeks an order requiring the presiding judge of the 8th Administrative Judicial Region, Honorable Jeff Walker, to assign a different judge to preside over the matter. We conditionally grant the petition for writ of mandamus.

*Background Facts*

On January 7, 2010, Judge Walker assigned Judge Cleveland to preside over the divorce between Relator and the Real Party in Interest, Angelia Faye

Phillips. The divorce between Relator and the Real Party in Interest became final in 2010 pursuant to an agreed final decree of divorce entered on May 14, 2010, by Judge Cleveland. After the entry of the final decree of divorce, further litigation occurred between Relator and the Real Party in Interest. Relator filed a petition to modify the parent-child relationship on January 5, 2012. On January 19, 2012, Presiding Judge Walker entered an order assigning Judge Cleveland to preside over the modification proceeding. On July 3, 2013, Judge Cleveland entered a final order denying Relator's requested modification.

On August 19, 2013, Relator filed another petition to modify the parent-child relationship. Relator's counsel alleges that he received actual notice that Judge Cleveland was assigned to preside over the case by the court coordinator on September 6, 2013. Relator filed an objection to the assignment of Judge Cleveland on September 9, 2013. Relator subsequently wrote Judge Walker on September 16, 2013, informing him that Judge Cleveland refused to honor the objection. Relator additionally requested Judge Walker to assign a different judge.

Judge Walker responded in writing to Relator in a letter dated September 20, 2013. Judge Walker advised Relator that he assigned Judge Cleveland to preside over the "case" between Relator and the Real Party in Interest in his assignment order dated January 19, 2012. He further stated that Relator waived his right to object to Judge Cleveland by filing his objection after Judge Cleveland had issued previous rulings in proceedings between the parties arising from their divorce. Thus, Judge Walker took the position that Judge Cleveland's assignment to previous proceedings arising from the divorce between the parties also served as his assignment to future proceedings between the parties arising from the divorce.

*Analysis*

Mandamus is an extraordinary remedy available only in limited circumstances involving manifest and urgent necessity and not for grievances that may be addressed by other remedies. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992). To be entitled to relief, the relator must demonstrate a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law. *See Republican Party of Texas v. Dietz*, 940 S.W.2d 86, 88 (Tex.1997). Additionally, the relator must satisfy three requirements, to-wit: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

Section 74.053 governs objections to the assignment of trial judges. Except as specifically provided, each party to the case is entitled to only one objection under the statute. Gov't § 74.053(b). If a properly filed objection is timely, the assigned judge's disqualification is automatic. *Id.*; *In re Canales*, 52 S.W.3d 698, 701 (Tex. 2001). An objection to the assignment of a trial judge under Section 74.053 must be filed not later than the earlier of the seventh day after the date the party receives actual notice of the assignment or of the date the first hearing or trial, including pretrial hearings, commences. Gov't § 74.053(c).

The issue in this proceeding is the timeliness of Relator's objection to Judge Cleveland. Judge Walker determined that Relator's objection to modify was untimely because Judge Cleveland had presided—without objection—over previous proceedings between the parties arising from their divorce.

Tex. Fam. Code Ann. § 156.004 (West 2008) provides that, in a suit to modify an order in a suit affecting the parent-child relationship, "[t]he Texas Rules of Civil Procedure applicable to the filing of an original lawsuit apply." Relying upon this provision, the court in *Bilyeu v. Bilyeu*, 86 S.W.3d 278, 280 (Tex. App.—Austin 2002, no pet.), determined that a suit to modify an order in a suit

3

affecting the parent-child relationship is a new cause of action. *See Normand v. Fox*, 940 S.W.2d 401, 403 (Tex. App.—Waco 1997, no writ); *Katerndahl v. Haberman*, No. 04-96-00444-CV, 1996 WL 411194, at *1 (Tex. App.— San Antonio July 24, 1996, orig. proceeding) (not designated for publication) ("A motion to modify is an original lawsuit filed in the court of continuing, exclusive jurisdiction."). Thus, a motion to modify an order entered in a suit affecting the parent-child relationship is a new case or new cause of action under the Texas Family Code. There is no authority that an assignment order entered in a previous case between the parties governs a subsequent case. Accordingly, Relator's consent to Judge Cleveland in a previous proceeding has no bearing on a new case.

We conclude that Relator's objection to Judge Cleveland was timely and that Judge Cleveland had a mandatory obligation to withdraw from the case. We conditionally grant the petition for writ of mandamus. Judge Cleveland is directed to withdraw from presiding over the motion to modify filed by Relator, and Judge Walker is directed to assign a different judge to preside over the proceeding. The writ of mandamus will issue only if Judge Cleveland and Judge Walker fail to act by November 21, 2013.

TERRY McCALL

JUSTICE

October 31, 2013

Panel consists of: McCall, J.,
Willson, J., and Chew.[1]

Wright, C.J., not participating.

---

[1]David Chew, Retired Chief Justice, Court of Appeals, 8th District of Texas at El Paso, sitting by assignment.

4