# NO. 12-21-00153-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *J.H.K.,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

J.H.K. filed this original proceeding in which he contends that the assignment of Respondent, the Honorable Lauren L. Parish, Senior Judge of the 115th District Court in Upshur County, Texas, expired and his objection to Respondent's presiding over three new actions was timely and should have resulted in her automatic disqualification. We deny the writ.

### BACKGROUND

J.H.K. and Real Party in Interest, A.C.K., are the parents of R.W.K. An order was signed in ***In the Interest of R.W.K.***, a child, trial court cause number 2017-302, on August 13, 2020, which included a possession order and injunctive relief. A.C.K. subsequently filed a motion for enforcement by contempt. When the trial judge recused himself, the Honorable Alfonso Charles, Presiding Judge of the Tenth Administrative Judicial Region, assigned Respondent to the case. The assignment ran from January 11, 2021 "until plenary power has expired or the Presiding Judge has terminated this assignment in writing, whichever occurs first." The order states, "whenever the Assigned Judge is present in the county of assignment for a hearing in the above cause(s), the judge is also assigned and empowered to hear, at that time, any other matters presented for hearing."

On April 13, Respondent signed an order of enforcement by contempt and suspension of commitment, finding that J.H.K. violated the August 13 order and holding him in contempt, but suspending the commitment for three years with certain terms and conditions. In August, A.C.K.

filed a petition to modify the parent child relationship, a motion for enforcement of order in suit to modify parent child relationship, and a motion to revoke suspension of commitment. J.H.K. filed an original answer, in which he objected to Respondent's assignment to hear A.C.K.'s petition and motions. In response, Respondent stated that she presided over a contested hearing on January 13 and signed an order of enforcement on April 13. She opined that J.H.K.'s objection had been waived. In an email, Judge Charles stated that he reviewed the assignment and J.H.K.'s objection, he believed that the objection was not timely, and Respondent's "general assignment for this case stands and is still in effect." J.H.K. filed this original proceeding on September 22, and we granted his request for a stay of the trial court proceedings pending further order of this Court.

## PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both prerequisites. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.). When an assigned judge overrules a timely objection to an assignment, all the judge's subsequent orders are void and the objecting party is entitled to mandamus relief. *In re Canales*, 52 S.W.3d 698, 701 (Tex. 2001) (orig. proceeding).

## ABUSE OF DISCRETION

J.H.K. argues that (1) Respondent's assignment expired; (2) A.C.K. filed her petition to modify and motions after Respondent's plenary power expired; and (3) he learned of Respondent's intent to preside over the three new actions when he received citation and orders setting hearing on September 11; thus, his objection was timely. A.C.K. contends that Respondent's assignment has not expired, arguing that Judge Charles assigned Respondent to hear any matter presented for hearing, and the three new pleadings have the same cause number as the pleadings Respondent previously heard and all relate to the same case.

2

An assignment order's terms control the extent of the visiting judge's authority and when that authority terminates. *Hull v. S. Coast Catamarans, L.P.*, 365 S.W.3d 35, 41 (Tex. App.—Houston [1st Dist.] 2011, pet. denied). The assignment order provides that Respondent's authority terminates when "plenary power has expired or the Presiding Judge has terminated this assignment in writing, whichever occurs first." Respondent signed the order of enforcement by contempt and suspension of commitment on April 13, 2021.[1] Judge Charles never terminated the assignment in writing. Generally, plenary power expires thirty days after a final judgment is signed, unless a party files a timely motion for new trial or other postjudgment motion, in which case plenary power can extend for a total of 105 days. *See* TEX. R. CIV. P. 329b(c), (e); *see also* *L.M. Healthcare, Inc. v. Childs*, 929 S.W.2d 442, 444 (Tex. 1996) (plenary jurisdiction cannot extend beyond 105 days after trial court signs judgment). However, contempt, which involves the inherent power of a trial court to enforce its orders, is treated differently than a normal final judgment. *In re Marriage of White*, No. 06-07-00048, 2007 WL 2948396, at *2 (Tex. App.—Texarkana Oct. 11, 2007, no pet.) (mem. op.). "[C]ontempt proceedings are not concerned with disposing of all claims and parties before the court, as are judgments; instead, contempt proceedings involve a court's enforcement of its own orders, regardless of the status of the claims between the parties before it." *In re Office Atty. of Gen. of Tex.*, 215 S.W.3d 913, 915-16 (Tex.—Fort Worth 2007, orig. proceeding). A judgment of contempt is not appealable. *White*, 2007 WL 2948396, at *2. Thus, the plenary power constraints of Rule 329b do not apply here. *See id.* Because the contempt order was not a final judgment, we cannot conclude that Respondent's plenary power expired at the time A.C.K. filed her modification petition and motions.[2] *See* ***Thomas v. Pugliese***, No. 02-18-00064-CV, 2019 WL 3024473, at *5 (Tex.

---

[1] The order contains a Mother Hubbard clause, which states "All relief requested and not expressly granted is denied." But the inclusion of such a clause does not make an order final. *See* *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192 (Tex. 2001) ("We no longer believe that a Mother Hubbard clause in an order or in a judgment issued without a full trial can be taken to indicate finality").

[2] A petition for modification is a new case or new cause of action under the family code. *In re Troiani*, No. 13-17-00204-CV, 2017 WL 2806296, at *4 n.3 (Tex. App.—Corpus Christi June 27, 2017, orig. proceeding) (mem. op.); *In re Honea*, 415 S.W.3d 888, 890-91 (Tex. App.—Eastland 2013, orig. proceeding); *see* TEX. FAM CODE ANN. § 156.004 (West 2014) ("Texas Rules of Civil Procedure applicable to the filing of an original lawsuit apply to a suit for modification under this chapter"). A.C.K. filed her modification petition in the court of continuing jurisdiction. *See* TEX. FAM. CODE ANN. § 152.202 (West 2014). The prior judge recused himself and again, Respondent's plenary power had not expired. Had Respondent signed a final judgment or order, Rule 329b would apply and Respondent's plenary power would have expired before A.C.K. filed the three new pleadings. *See* *Troiani*, 2017 WL 2806296, at *1-2, 4 (where assigned judge signed final order on enforcement and modification in

3

App.—Fort Worth July 11, 2019, no pet.) (mem. op.) (plenary power does not expire until sometime after trial court signs a final judgment in the case). As Judge Charles issued no termination order and plenary power has not expired, the assignment has not terminated.

To be timely, an objection to an assigned judge must be filed not later than the seventh day after the date the party receives actual notice of the assignment or before the date the first hearing or trial, including pretrial hearings, commences, whichever date occurs earlier. TEX. GOV'T CODE ANN. § 74.053(c) (West 2013). Section 74.053 "does not say that objections must be filed before the judge presides over any hearing *under the assignment* … rather, [] to be timely an objection must be filed before the judge presides over *any* hearing." **Canales**, 52 S.W.3d at 702. "There is simply no basis in the statute to tie the timeliness of an objection to a judge's authority under any given assignment order." **Id**. An objection to a judge assigned under chapter 74 is timely if filed before the very first hearing or trial in the case, including pretrial hearings, over which the assigned judge is to preside—without regard to the terms of the particular assignment order. **Id**. at 704.

Here, J.H.K. filed his original answer, which contained the objection to Respondent's assignment, on September 16.[3] This objection came long after Respondent was assigned to the case on January 11 and had already conducted a hearing in the case. Accordingly, J.H.K.'s objection was untimely, and Respondent did not abuse her discretion by overruling J.H.K.'s objection. *See id.* ("Once an assigned judge has heard any matter in a case, the parties have waived the right to object to that judge under section 74.053 of the Government Code"); *see also e.g.* **In re H.L.F.**, No. 12-11-00243-CV, 2012 WL 5993726, at *3 (Tex. App.—Tyler Nov. 30, 2012, pet. denied) (judge signed temporary order on January 11, 2010, and presided over five

---

2014 and new pleadings were filed in 2016, along with objection to assigned judge, objection was timely); *see also* **Honea**, 415 S.W.3d at 890-91 (assigned judge entered final order denying modification on July 3, 2013, and relator objected when he learned judge was presiding over new modification proceeding filed on August 19, 2013; objection timely because "[t]here is no authority that an assignment order entered in a previous case between the parties governs a subsequent case").

[3] A.C.K. contends that J.H.K.'s objection failed to comply with Texas Rule of Civil Procedure 18a, which governs recusal and disqualification of judges and requires a motion to recuse or disqualify. *See* TEX. R. CIV. P. 18a. A judge may be removed from a case because he is constitutionally disqualified, is subject to a statutory strike under Section 74.053, or is recused under the rules promulgated by the Texas Supreme Court, i.e., rules of civil procedure 18a and 18b. **In re Union Pac. Res. Co.**, 969 S.W.2d 427, 428 (Tex. 1998) (orig. proceeding). But the "grounds and procedures for each type of removal are fundamentally different." **Id**. Section 74.053 requires a timely objection and nothing in its language requires a motion in accordance with Rule 18a. *See* TEX. GOV'T CODE ANN. § 74.053 (West 2013).

hearings before objection regarding absence of assignment order, thus, objection was not timely). Thus, J.H.K. has not satisfied his burden of establishing both prerequisites to mandamus relief. *See Fitzgerald*, 429 S.W.3d at 891.

## DISPOSITION

Because J.H.K. failed to demonstrate an abuse of discretion, he is not entitled to mandamus relief. We *deny* the petition for writ of mandamus and *lift* our stay of September 22, 2021. All pending motions are overruled as moot.

JAMES T. WORTHEN
Chief Justice

Opinion delivered November 23, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS
# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 23, 2021**

**NO. 12-21-00153-CV**

**J.H.K.,**
Relator
V.

**HON. LAUREN L. PARISH,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by J.H.K.; who is the relator in appellate cause number 12-21-00153-CV and the respondent in trial court cause number 2017-302, pending on the docket of the 402nd Judicial District Court of Wood County, Texas. Said petition for writ of mandamus having been filed herein on September 22, 2021, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*