# NO. 12-22-00001-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *RODNEY WAYNE MORRISON,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Rodney Wayne Morrison filed this original proceeding in which he contends that the assignment of the Honorable Lauren L. Parish, Senior Judge of the 115th District Court in Upshur County, Texas, expired, his objection to her assignment was timely and should have resulted in her automatic disqualification, and the order clarifying conditions of the assignment violates his due process rights. We deny the writ.

## BACKGROUND

This case involves a divorce proceeding. In June 2020, Real Party in Interest Debbie Jo Morrison Wilson moved to recuse the Honorable Jeff Fletcher, the trial judge of the 402nd District Court in Wood County, Texas. Respondent, the Honorable Alfonso Charles, Presiding Judge of the Tenth Administrative Judicial Region, assigned Judge Parish to the case, in ***In the Matter of the Marriage of Debbie Jo Morrison and Rodney Wayne Morrison***, trial court cause number 2018-303.[1] The assignment ran from June 19, 2020 "until plenary power has expired or the Presiding Judge has terminated this assignment in writing, whichever occurs first." The order states, "whenever the Assigned Judge is present in the county of assignment for a hearing on the above cause(s), the judge is also assigned and empowered to hear, at that time, any other matters presented for hearing." On January 1, 2021, the Honorable J. Brad McCampbell became presiding judge of the 402nd District Court.

---

[1] The assignment was not filed until September 20, 2021.

On April 6, 2021, Judge Parish signed an agreed final decree of divorce. On May 5, the parties filed a joint motion to sign qualified domestic retirement orders (QDROs), in which they requested that the motion be considered a motion for new trial and that plenary power be retained until the motion was heard and considered. Judge Parish signed QDROs on May 7. On May 13, Wilson filed a motion for contempt and enforcement of the agreed final decree and she filed an amended motion on May 17. On May 24, Morrison filed a petition for enforcement of property division by contempt. On July 13, Judge Parish signed an order granting in part and denying in part Morrison's motion for directed verdict as to Wilson's amended motion for contempt and enforcement of the agreed final decree. Judge Parish conducted contempt hearings on June 3, July 21, and July 29.

Morrison filed a motion to recuse Judge Parish on August 10 and filed an amended motion on September 9, in which he alleged impartiality, bias, and prejudice against him by Judge Parish, and violations of the judicial conduct code. Respondent denied the motion on September 21. On September 23, Morrison filed a motion to vacate proceedings or dismiss for lack of jurisdiction and request for declaratory judgment. He argued that Judge Parish's assignment ended, plenary power expired, and there was no new assignment when Wilson filed her motion for contempt; thus, Morrison maintained that Judge Parish was without authority to hear Wilson's motion for contempt. Morrison asked that Judge McCampbell hear the motion, as "Judge Parish has no authority or appointment to hear it." He filed a first amended motion on October 4. Wilson filed an emergency motion for approval of sale of marital residence and for additional relief on December 22. In response, Morrison filed a motion to abate and sought to have all matters in the case be heard by Judge McCampbell. On December 22, Respondent signed an order assigning himself to hear Wilson's emergency motion. And on December 28, Respondent signed both an order denying Morrison's "plea to the jurisdiction" and an order clarifying conditions of assignment, which states:

> This assignment is for the cause(s) and style(s) as stated in the conditions of assignment from June 19, 2020 forward and includes any post-judgment matters, including but not limited to post judgment motions, motions for enforcement, motions to modify, and habeas corpus proceedings, and remains in effect until the Presiding Judge has terminated this assignment in writing.

The next day, Morrison filed an objection to the assignment. Respondent overruled the objection, stating that the clarification order was not a new assignment and that Morrison's objection was untimely and waived. Morrison filed this original proceeding on January 3, 2022, and we granted his request for a stay of the trial court proceedings pending further order of this Court.

**PREREQUISITES TO MANDAMUS**

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both prerequisites. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.). When a timely objection to a visiting judge's assignment is overruled, all the judge's subsequent orders are void and the objecting party is entitled to mandamus relief. *In re Canales*, 52 S.W.3d 698, 701 (Tex. 2001) (orig. proceeding); *In re J.H.K.*, No. 12-21-00153-CV, 2021 WL 5500523, at *1 (Tex. App.—Tyler Nov. 23, 2021, orig. proceeding) (mem. op.).

**ABUSE OF DISCRETION**

We first address Morrison's contention that Judge Parish lacks authority to issue rulings in the enforcement actions because the assignment of June 19, 2020 and Judge Parish's plenary power have expired. According to Morrison, Judge Parish's plenary power expired on May 6, thirty days after she signed the final decree and she could not preside over the enforcement actions absent a new order of assignment. He further contends that the parties' "motion for new trial" only extended plenary power by one day because Judge Parish signed the QDROs on May 7, which Morrison suggests "would, effectively, terminate the plenary power extension as contemplated under the Motion because the matter was considered by the Court and approved."

An assignment order's terms control the extent of the visiting judge's authority and when that authority terminates. *Hull v. S. Coast Catamarans, L.P.*, 365 S.W.3d 35, 41 (Tex. App.—Houston [1st Dist.] 2011, pet. denied). The assignment order provides that Judge Parish's

3

authority terminates when "plenary power has expired or the Presiding Judge has terminated this assignment in writing, whichever occurs first." Judge Parish signed the final decree on April 6, 2021. Respondent never terminated the assignment in writing. Generally, plenary power expires thirty days after a final judgment is signed, unless a party files a timely motion for new trial or other postjudgment motion, in which case plenary power can extend for a total of 105 days. *See* TEX. R. CIV. P. 329b(c), (e); *see also* **L.M. Healthcare, Inc. v. Childs**, 929 S.W.2d 442, 444 (Tex. 1996) (plenary jurisdiction cannot extend beyond 105 days after trial court signs judgment). As previously stated, the parties filed a joint motion to sign QDROs on May 5 and the motion requests that it be considered a motion for new trial and that plenary power be retained until the motion was heard and considered. But this Court's analysis is controlled by Rule 329b, which governs new trials and other postjudgment motions, and not the language in the parties' motion. *See* TEX. R. CIV. P. 329b. Morrison's contention that the motion only extended plenary power for one day is inconsistent with the plain language of Rule 329b.

Under Rule 329b, if an original or amended motion for new trial or a motion to modify, correct or reform a judgment is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period. TEX. R. CIV. P. 329b(c). If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first. TEX. R. CIV. P. 329b(e). "The question is whether the trial court signed an order determining the merits of the motion for new trial before losing jurisdiction." **Estate of Townes v. Wood**, 934 S.W.2d 806, 807 (Tex. App.—Houston [1st Dist.] 1996, orig. proceeding); *see* **In re Goss**, 160 S.W.3d 288, 290 (Tex. App.—Texarkana 2005, orig. proceeding) (under Rule 329b's provisions, "a trial court retains plenary power for thirty days after it rules [on motion for new trial], or for seventy-five days (when overruled as a matter of law), plus thirty more").

Here, Judge Parish signed the QDROs on May 7. Assuming that the signing of these orders constitutes a ruling on the merits of the "motion for new trial," Judge Parish's plenary

4

power extended for another thirty days under Rule 329b(e), i.e., to June 7.[2]  *See* TEX. R. CIV. P. 329b(e).  But even if the orders are not tantamount to a ruling on the merits, as this Court is unaware of any other written ruling on the "motion for new trial," the motion was denied by operation of law and Judge Parish's plenary power expired 105 days after the judgment was signed, i.e., July 20.  *See* TEX. R. CIV. P. 329b(c); *see also* TEX. R. CIV. P. 329b(e).  In either scenario, Wilson filed her motion for enforcement on May 13, and Morrison filed his petition for enforcement on May 24, during which Judge Parish retained plenary power.  Because Respondent issued no termination order and plenary power had not expired when the enforcement actions were filed, the assignment has not terminated.

We likewise reject Morrison's contention that ***Ex parte Holland***, 807 S.W.2d 827 (Tex. App.—Dallas 1991, writ dism'd w.o.j.) and ***Starnes v. Chapman***, 793 S.W.2d 104 (Tex. App.—Dallas 1990, no writ) required a new assignment.  In ***Starnes***, the assigned judge granted a summary judgment motion on April 13, 1988 and severed all other claims and counterclaims, making the judgment final. ***Starnes***, 793 S.W.2d at 105.  A lengthy series of events followed, including an objection to the assigned judge's continuing to preside over the case. ***Id***. at 105-06. The appellate court explained, "When the time periods for filing and ruling on motions for new trial on the April 13, 1988 judgment expired and the appeal was perfected in this Court, not only did Judge Ryan's plenary power over the cause expire but also his assignment." ***Id***. at 106. When the case was reversed and remanded on appeal, on remand, the assigned judge was without authority to proceed further unless reassigned. ***Id***.

In ***Holland***, an assigned judge signed a modification order and permanent injunction on July 6, 1988, subsequently signed a modification order nunc pro tunc, and presided over a proceeding that resulted in a contempt order on April 24, 1990. ***Holland***, 807 S.W.2d at 828. On August 31, 1990, wife filed a motion for contempt and enforcement. ***Id***. Husband filed an objection on October 22. ***Id***. The judge overruled the objection and signed an order of contempt and commitment on December 7. ***Id***. Relying on ***Starnes***, the appellate court concluded as follows:

---

[2] June 6 is the thirty-day mark but falls on a Sunday.  *See* TEX. R. CIV. P. 4 (when computing time, the last day of the period so computed is to be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday).

> The April 18, 1988 order assigning Judge Clapp is substantially identical to the order of assignment construed by this Court in *Starnes.* Therefore, under *Starnes,* the April 18, 1988 assignment (and Judge Clapp's authority to rule) expired with the expiration of his plenary power over the July 6, 1988 orders. A new assignment was necessary to authorize Judge Clapp to hear Wife's August 31, 1990 motion for contempt. The record in this case shows no new order of assignment.[2] Since there was no new assignment, Judge Clapp was without authority to preside over the contempt proceedings, and the December 7, 1990 order is void ….

*Id*. at 829 (internal citations omitted). The appellate court explained that the trial court, not the trial judge, retained continuing jurisdiction over a suit affecting the parent child relationship. *Id*. The appellate court further held:

> …the trial court's continuing jurisdiction in family law matters vested no jurisdiction in Judge Clapp that was independent of the April 18, 1988 order of assignment. Nor did the court's continuing jurisdiction extend the duration of his authority under that assignment. Judge Clapp's assignment expired with the expiration of his plenary power over the July 6, 1988 orders. Absent a new assignment, he was without authority to preside in the contempt proceedings leading to the December 7, 1990 order of contempt and commitment.

*Id*. at 830. Unlike **Holland** and **Starnes**, in which plenary power expired and the assignment terminated, Judge Parish's plenary power had not expired at the time Wilson filed her enforcement action or at the time Morrison filed his enforcement action. Accordingly, these cases are inapposite.[3]

Morrison also argues, "Plenary power does not grant an assigned judge any authority to hear any new matter or different case unless the letter of assignment authorizes such." A motion to enforce a divorce decree is the equivalent of a new suit. **Coleman v. Coleman**, No. 01-09-00615-CV, 2010 WL 5187612, at *1 (Tex. App.—Houston [1st Dist.] Dec. 23, 2010, no pet.) (mem. op.); *see* TEX. FAM CODE ANN. § 9.001(b) (West 2020) (suit to enforce shall be governed by Texas Rules of Civil Procedure applicable to filing of an original lawsuit). But a motion to modify, correct, or reform a judgment extends the trial court's plenary power. TEX. R. CIV. P. 329b(g); **Lane Bank Equip. Co. v. Smith S. Equip., Inc.**, 10 S.W.3d 308, 313 (Tex. 2000)

---

[3] Nor are we persuaded by **In re Nash**, 13 S.W.3d 894 (Tex. App.—Beaumont 2000, orig. proceeding), also cited by Morrison. In **Nash**, the assignment order expressly limited the subject matter to "tax dockets" and limited the assigned judge's term to October 1 through November 30, 1999. **Nash**, 13 S.W.3d at 898-99 ("Because the assignment was expressly restricted to 'tax dockets,' it was not effective to give him authority to make any orders in a suit alleging trespass and conversion and involving title to real property;" thus, the contempt judgment exceeded the scope of assignment and was void). The assignment order in this case contains no such express limitations.

("motion seeking a substantive change will extend the appellate deadlines and the court's plenary power under Rule 329b(g)").

The agreed decree awarded Morrison and Wilson each fifty percent of the net proceeds of the marital residence and shop. In her amended motion for enforcement, which Wilson filed under the same cause number as that listed on the decree, Wilson alleged several violations of the agreed decree and made various requests, specifically seeking that she be awarded the entirety of the net proceeds from the sale of the marital residence. She further asked the court to make a redistribution, in accordance with the decree, of cash and other assets so that she would not be dependent upon Morrison's cooperation to finalize the divorce. Wilson sought an additional portion of the funds awarded to Morrison for (1) timely completion of repairs to the marital residence, the "majority of which [Morrison] was ordered to pay for," and to the Shop so the properties could be listed and sold, and (2) maintenance of the properties during pendency of the listings/sales. Wilson further requested attorney's fees and damages, including a redistribution of cash or other assets, to "allow [Morrison] to keep the personal items … which he failed and refused to timely deliver to the Receiver for sale, [and] award [Wilson] her portion of the fair market value of those items in an amount to be determined by the Court."

Again, the enforcement action was filed while Judge Parish maintained plenary power. And while a motion to enforce is the equivalent of a new suit, the requests in Wilson's petition could reasonably be construed as resulting in a substantial change to the decree. As a result, her motion for contempt and enforcement qualifies as a motion to modify. *See Lane Bank Equip. Co.*, 10 S.W.3d at 313; *see also Shakouri v. Shakouri*, No. 02-20-00297-CV, 2022 WL 189084, at *1 (Tex. App.—Fort Worth Jan. 20, 2022, no pet. h.) (mem. op.) (Rule 329b "specifically mentions motions for new trial or to modify, correct, or reform the judgment but includes anything else that has the same effect"); *Consol. HealthcareServs, LLC v. Mainland Shopping Ctr., Ltd.*, 589 S.W.3d 915, 921 (Tex. App.—Houston [14th Dist.] 2019, no pet.) ("timely-filed post-judgment motion that seeks a substantive change in an existing judgment qualifies as a motion to modify under Rule 329b(g) and thus extends the trial court's plenary power as well as the amount of time a party has to perfect their appeal"); *Crotts v. Cole*, 480 S.W.3d 99, 102 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (even if part of motion was a motion to reinstate, substance of motion also included request for substantive change to final dismissal order; thus,

substance of filing included timely motion to modify final order and extended plenary power); ***Matinee Media Corp. v. Falcon***, No. 04-12-00133-CV, 2012 WL 3104530, at *1-2 (Tex. App.—San Antonio Aug. 1, 2012, no pet.) (mem. op.) (motion to enforce seeking specific performance of settlement agreement, injunctive relief, order restraining certain acts and compelling others, and declaratory judgment would result in substantive change to existing order dismissing underlying cause and qualified as motion to modify under Rule 329b(g) and ***Lane***). Because the motion was filed before plenary power expired and can be construed as a motion to modify, we cannot conclude that a clear abuse of discretion occurred on this basis. *See* ***Cerberus Capital Mgmt.***, 164 S.W.3d at 382 (trial court abuses discretion if it reaches decision so arbitrary and unreasonable as to amount to clear and prejudicial error of law or it clearly fails to correctly analyze or apply the law).

We now address whether Morrison lodged a timely objection to Judge Parish's assignment. To be timely, an objection to an assigned judge must be filed not later than the seventh day after the date the party receives actual notice of the assignment or before the date the first hearing or trial, including pretrial hearings, commences, whichever date occurs earlier. TEX. GOV'T CODE ANN. § 74.053(c) (West 2013). But Morrison contends that Section 74.053 does not apply because the presiding judge, Judge McCampbell, was not absent when the enforcement actions were filed. Section 74.056(c) of the government code provides, "The presiding judge of an administrative region may appoint a judge in the region to serve as acting presiding judge *in the absence of the presiding judge*." TEX. GOV'T CODE ANN. § 74.056(c) (West 2013) (emphasis added). Judge Fletcher had recused himself at the time Judge Parish was originally assigned to the case. But Morrison contends there is no showing that Judge McCampbell, who subsequently became the presiding judge, was absent and unavailable to preside over the enforcement actions. However, Section 74.053 expressly applies "when a judge is assigned to a trial court *under this chapter*." ***Id***. § 74.053(a) (West 2013) (emphasis added). Judge Parish was assigned under Chapter 74. Any argument that her assignment was improper in light of Section 74.056(c) would be a ground for objection, but does not excuse Morrison from complying with Section 74.053's objection requirement.

With respect to timeliness of Morrison's objection, Section 74.053 "does not say that objections must be filed before the judge presides over any hearing *under the assignment …*

8

rather, [] to be timely an objection must be filed before the judge presides over *any* hearing." ***Canales***, 52 S.W.3d at 702. "There is simply no basis in the statute to tie the timeliness of an objection to a judge's authority under any given assignment order." ***Id***. An objection to a judge assigned under Chapter 74 is timely if filed before the very first hearing or trial in the case, including pretrial hearings, over which the assigned judge is to preside—without regard to the terms of the particular assignment order. ***Id***. at 704.

Judge McCampbell took office on January 1, 2021. Judge Parish signed the final decree on April 6 and signed QDROs at the parties' joint request on May 7. Both Wilson and Morrison filed enforcement actions in May. On July 13, Judge Parish signed an order granting in part and denying in part Morrison's motion for directed verdict on Wilson's amended motion for contempt and enforcement. Not until September 2021, when he filed his motion to vacate, did Morrison begin to complain about Judge Parish's presiding over the enforcement actions. And only after Respondent signed the clarification order on December 28, and despite Judge Parish's continued involvement and the fact that Judge McCampbell assumed office several months earlier, did Morrison formally object to the assignment. But Morrison maintains that his objection was timely, arguing that (1) an enforcement action is a new case or cause of action and a previous assignment order does not govern a subsequent case, (2) a party's prior consent to an assignment does not impact a new case, and (3) he immediately objected upon learning that Respondent intended to keep Judge Parish assigned to the case. He cites ***In re Honea***, 415 S.W.3d 888 (Tex. App.—Eastland 2013, orig. proceeding) for support.

In ***Honea***, Judge Cleveland was assigned to preside over a divorce proceeding, which became final in 2010 pursuant to an agreed final decree of divorce. ***Honea***, 415 S.W.3d at 889. On January 5, 2012, the relator filed a petition to modify the parent child relationship. ***Id***. Judge Cleveland was again assigned on January 19 and denied the modification on July 3, 2013. ***Id***. On August 19, the relator filed another petition to modify. ***Id***. The relator's counsel alleged that on September 6, he received notice that Judge Cleveland was assigned to the case, and he filed an objection on September 9. ***Id***. at 889-90. The presiding judge responded that he assigned Judge Cleveland to preside over the "case" in the January 19 assignment order, and the relator waived his right to object by filing his objection after Judge Cleveland had issued previous rulings in proceedings between the parties arising from the divorce. ***Id***. at 890. Accordingly, the

9

presiding judge "took the position that Judge Cleveland's assignment to previous proceedings arising from the divorce between the parties also served as his assignment to future proceedings between the parties arising from the divorce." *Id*. The appellate court explained that "a motion to modify an order entered in a suit affecting the parent-child relationship is a new case or new cause of action under the Texas Family Code." *Id*. at 890-91. The court further noted, "There is no authority that an assignment order entered in a previous case between the parties governs a subsequent case." *Id*. at 891. For this reason, the relator's consent to Judge Cleveland in a previous proceeding had no bearing on a new case. *Id*. The appellate court concluded that the relator's objection was timely and Judge Cleveland had a mandatory obligation to withdraw from the case. *Id*.

Here, we have concluded that Wilson's enforcement action could be reasonably construed as a motion to modify, over which Judge Parish had plenary power. Moreover, there is no indication in *Honea* that any party filed a postjudgment motion after Judge Cleveland denied the first modification petition; thus, Judge Cleveland's plenary power expired thirty days after he signed the order denying the petition. Accordingly, plenary power expired before the relator filed the second modification petition. *See id*. at 889; *see also* TEX. R. CIV. P. 329b. But here, as previously discussed, Judge Parish's plenary power had not expired when the enforcement actions were filed. For this reason, we do not find *Honea* persuasive under the facts of this case.

Additionally, the record reflects that Judge Parish held contempt hearings on June 3, July 21, and July 29 and, according to the docket sheet, signed an order for appointment of receiver on June 28, as well as the order on Morrison's motion for directed verdict on July 13. Accordingly, Morrison's objections to Judge Parish's assignment came after she had already conducted hearings in the enforcement action. Morrison's objection was therefore untimely. *See Canales*, 52 S.W.3d at 704 ("Once an assigned judge has heard any matter in a case, the parties have waived the right to object to that judge under section 74.053 of the Government Code"); *see also J.H.K.,* 2021 WL 5500523, at *3 (objection untimely where made after assignment and after assigned judge had already conducted hearing); *see also e.g. In re H.L.F.*, No. 12-11-00243-CV, 2012 WL 5993726, at *3 (Tex. App.—Tyler Nov. 30, 2012, pet. denied) (judge signed

temporary order on January 11, 2010, and presided over five hearings before objection regarding absence of assignment order, thus, objection was not timely).

Finally, we address Morrison's contention that Respondent's clarification order violated due process. Morrison complains that the clarification order expanded on the original assignment and deprived him of the right to be "tried by the duly elected judge of Wood County, Texas without the due process of law in clear violation of the Fourteenth Amendment and Article I, Section 19 of the Texas Constitution." According to Morrison, the clarification order "perpetually empowered" Judge Parish to hear the case, regardless of whether plenary power existed and he would be without the right to object under Section 74.053(b). Morrison maintains that the order "acts as a new assignment."

However, the "statute does not confer a new opportunity to object when a visiting judge who has already heard matters in the case is reassigned by a new assignment order." *Canales*, 52 S.W.3d at 704. As previously discussed, Judge McCampbell assumed office several months before Morrison objected to Judge Parish's assignment. And Judge Parish had already presided over hearings and taken action, including at Morrison's request, pertaining to Wilson's enforcement action. Morrison participated in hearings and requested and received relief from Judge Parish in the enforcement action long before the clarification order was signed. As the Texas Supreme Court has stated, "Once an assigned judge has heard any matter in a case, the parties have waived the right to object to that judge under section 74.053 of the Government Code." *Id*. Morrison knew, well in advance of filing his objection, that Judge Parish was presiding over Wilson's enforcement action. Accordingly, we conclude that Morrison waived his due process complaint. *See id*.; *see also Matter of Marriage of Mohamed*, No. 14-18-01029-CV, 2021 WL 3629245, at *6 (Tex. App.—Houston [14th Dist.] Aug. 17, 2021, no pet.) (mem. op.) ("Even constitutional complaints, such as due process violations, are generally waived on appeal in the absence of a timely and sufficiently specific motion, objection, or request in the trial court"); *Holden v. Holden*, 456 S.W.3d 642, 653 (Tex. App.—Tyler 2015, no pet.) ("constitutional issues, such as due process claims, must be properly raised in the trial court or they are waived on appeal").

In summary, because Judge Parish's assignment had not expired when the enforcement actions were filed and Morrison's objection was untimely, Respondent did not abuse his

11

discretion by overruling Morrison's objection.  For this reason, Morrison has not shown himself entitled to mandamus relief.

**DISPOSITION**

Because we conclude that Morrison fails to establish an abuse of discretion in this case, we ***deny*** his petition for writ of mandamus.  We further ***deny*** Wilson's request for sanctions and Morrison's request for sanctions.  We ***lift*** our stay of January 4, 2022.

**JAMES T. WORTHEN**<br>Chief Justice

Opinion delivered February 28, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 28, 2022**

**NO. 12-22-00001-CV**

**RODNEY WAYNE MORRISON,**
Relator
V.

**HON. ALFONSO F. CHARLES,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Rodney Wayne Morrison; who is the relator in appellate cause number 12-22-00001-CV and a party to trial court cause number 2018-303, pending on the docket of the 402nd Judicial District Court of Wood County, Texas. Said petition for writ of mandamus having been filed herein on January 3, 2022, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*