**Opinion filed April 20, 2023**



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00072-CR

_____

## IN RE THOMAS EARL WHITFIELD

**Original Mandamus Proceeding**

## M E M O R A N D U M   O P I N I O N

Relator, Thomas Earl Whitfield, filed this original petition for writ of mandamus requesting that we order the Honorable Tryon D. Lewis, the trial judge presiding over the matter before us by assignment, to dispose of Relator's Motion for Free Access to Public Records. Ostensibly, Relator contends that Judge Lewis has refused to rule on the merits of his motion. Because Judge Lewis has denied the underlying motion, we deny the petition.

### Background Facts

Relator was convicted of aggravated assault with a deadly weapon following a jury trial. *See Whitfield v. State*, 408 S.W.3d 709, 713 (Tex. App.—Eastland 2013, pet. ref'd). After a finding of "true" to the enhancement allegations, the trial court

assessed Relator's punishment at fifty years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. *Id.* We affirmed his conviction and sentence. *Id.*

Relator is a defendant whose postconviction writ of habeas corpus was worked on by Ralph Petty, a former assistant district attorney with the Midland County District Attorney's office. Relator asserts that Petty was paid by the Midland County district judges to address Relator's and other defendants' postconviction writs. In *Ex parte Young*, the Court of Criminal Appeals detailed the facts and circumstances surrounding Petty's unethical dual employment on postconviction writs. *See Ex parte Young*, No. WR-65,137-05, 2021 WL 4302528, at *3 (Tex. Crim. App. Sept. 22, 2021) (not designated for publication) ("The DA's office . . . sent letters to each of the defendants for whom Petty had billed the district court judges for work on postconviction writs—some 300 plus defendants—to inform them of the 'ethical situation.'").[1]

After *Ex parte Young*, the Court of Criminal Appeals has reconsidered numerous applications for writs of habeas corpus for defendants whose applications were handled by Petty while he was so employed. *See, e.g.*, *Ex parte Holmes*, No. WR-86,764-01, 2022 WL 17660556 (Tex. Crim. App. Dec. 14, 2022) (not designated for publication) (denied based on independent review of the record); *Ex parte Benavides*, No. WR-81,593-01, 2022 WL 4360857 (Tex. Crim. App. Sept. 21, 2022) (not designated for publication) (same); *Ex parte Marion*, No. WR 10,924-25, 2022 WL 3640517 (Tex. Crim. App. Aug. 24, 2022) (not

---

[1]We cite to *Ex parte Young* and the unpublished Court of Criminal Appeals' cases that follow not as authority but for contextual information related to the instant mandamus petition and the motion at issue. *See* TEX. R. APP. P. 77.3 (unpublished opinions by the Court of Criminal Appeals "have no precedential value and must not be cited as authority by counsel or by a court").

designated for publication) (upholding its previous denial because the court had not relied on the trial court's findings during its prior review).

## This Court's Jurisdiction

In January 2023, Relator's counsel filed a Motion for Free Access to Public Records with the 441st District Court. While his counsel's motion appears to be filed in an effort to pursue a second postconviction writ of habeas corpus on Relator's behalf, the motion does not concern a pending application for such relief with the Court of Criminal Appeals. Accordingly, we have jurisdiction to address the trial court's alleged inaction on the motion. *Padieu v. Ct. of Appeals of Tex., Fifth Dist.,* 392 S.W.3d 115, 117–18 (Tex. Crim. App. 2013) ("[W]e perceive no reason why our exclusive Article 11.07 jurisdiction divests an appellate court of jurisdiction to decide the merits of a mandamus petition alleging that a district judge is not ruling on a motion when the relator has no Article 11.07 application pending.").

## Relator's Motion

Relator's motion requested, among other things, that the trial court order the Midland County District Clerk to provide a free, "complete copy of the electronic database for the District and County Courts" and "reimbursement" to counsel in the form of "a reasonable fee for the waste of her time by the Midland County Clerk's Office." While Relator's counsel stated that "[t]he defendant seeks full access to public records that will be used in a future habeas application," the motion itself asked for much more.

Specifically, the motion presented to the trial court sought to "explore just how far . . . misconduct has spread in the Midland County prosecution machinery," stating that counsel "agreed to represent [Whitfield] for the limited purpose of conducting an investigation into these issues and advising him of the potential claims

3

he might bring." In addition, the motion sought full and free access to the entirety of the databases of the Midland County District Clerk's and County Clerk's offices in an effort to do a "full evaluation of various civil, criminal and ethical violations taking place in Midland County." The motion further sought access to the databases to determine "the question of whether a case for civil damages may be brought . . . [,] to advise [Relator] and others . . . [,] [and] identify the class of people affected by 'Petty Misconduct.'" The motion then requested access "to evaluate what [the District Attorney] considers to be 'perjury' – for example, whether she ever uses her power to bring perjury charges against anyone other than a defense witness."

After requesting and receiving additional briefing, the trial court denied the motion. Relator filed this mandamus petition, requesting that we order the trial court to consider and dispose of the motion.

*Analysis*

"Mandamus is an extraordinary remedy available only in limited circumstances involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *In re Honea*, 415 S.W.3d 888, 890 (Tex. App.—Eastland 2013, orig. proceeding) (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)). For mandamus to issue, the relator must show that the trial court clearly abused its discretion, and that the relator does not have an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Packer*, 827 S.W.2d at 840–42. To meet its burden, a relator must prove that (1) the trial court had a legal duty to perform a non-discretionary act, (2) the relator made a demand for the trial court to act, and (3) the trial court refused to act. *See In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999); *In re Honea*, 415 S.W.3d at 890 (citing *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979)).

4

Relator has not met his burden to prove that mandamus should issue. The order appended to the mandamus petition demonstrates that Judge Lewis denied Relator's motion on March 2, 2023. As such, Relator has failed to prove that the trial court refused to act. *See In re Honea*, 415 S.W.3d at 890. Furthermore, as evidenced by the trial court's request for additional briefing and its denial of the motion thereafter, the trial court has provided Relator with the relief he requests from this court: the trial court's consideration and disposition of the motion.

We note that Relator's counsel cannot obtain, under the guise of an investigation for a postconviction writ of habeas corpus for a specific individual, what amounts to pre-suit discovery of sensitive information of the citizens of Midland County and beyond. For this, Relator's counsel must proceed through the proper legal and statutory procedures required by federal and state law. *See, e.g.*, 5 U.S.C. § 552 (governing Freedom of Information Act requests); FED. R. CIV. P. 27 (governing pre-suit depositions and discovery for federal claims); TEX. GOV'T CODE ANN. §§ 552.001–.353 (West 2020) (governing requests under the Texas Public Information Act); TEX. R. CIV. P. 202 (governing pre-suit depositions and discovery for state claims); *cf. In re CSX Corp.*, 124 S.W.3d 149, 152–53 (Tex. 2003) (A "trial court abuses its discretion by ordering discovery that exceeds that permitted by the rules of procedure. . . . [The relator's discovery request] qualifies as the kind of 'fishing expedition' this Court has repeatedly struck down."). Relator cannot usurp these required procedures by merely filing a motion/request for the entirety of the clerks' databases in a criminal case.

The trial court provided Relator with the very relief that he seeks from this court—for the trial court to consider and dispose of Relator's request and motion. The trial court has done so. Accordingly, we deny Relator's petition for writ of mandamus.

*This Court's Ruling*

We deny Relator's petition for writ of mandamus.


PER CURIAM


April 20, 2023

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.